**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**FOURTH DISTRICT**

---

Civ. No. 01-CV-346 (JEL/JGL)

Jean Golden, individually and in her capacity as Participant under the Delta Dental Plan for employees of wwwrrr, Inc. (Delta Group Dental Plan Contract Number 667), and in her capacity as Participant under the wwwrrr, Inc. Retirement Savings Plan, and JoAnne Chabot, individually and in her capacity as Participant under the Delta Dental Plan for employees of wwwrrr, Inc. (Delta Group Dental Plan Contract Number 667), and in her capacity as Participant under the wwwrrr, Inc. Retirement Savings Plan,

Plaintiffs,

vs.

wwwrrr, Inc., Paul Gullickson, individually and in his capacity as Trustee of the wwwrrr, Inc. Retirement Savings Plan, Troy Rossow, individually and in his capacity as Trustee of the wwwrrr, Inc. Retirement Savings Plan, and wwwrrr, Inc. Retirement Savings Plan,

Defendants.

---

# ORDER GRANTING PRELIMINARY APPROVAL OF STIPULATION OF SETTLEMENT, CERTIFYING SETTLEMENT CLASS, AND APPROVING NOTICE OF PENDENCY OF SETTLEMENT OF CLASS ACTION TO CLASS MEMBERS

---

Based upon the agreement reflected in the Stipulation of Settlement, filed with the Court on September 23, 2003, in which Jean Golden and JoAnne Chabot ("Plaintiffs"), on their own behalf and on behalf of the proposed class and wwwrrr, Inc., Paul Gullickson, individually and as Trustee of the wwwrrr, Inc. Retirement Savings Plan, Troy Rossow, individually and as Trustee of the wwwrrr, Inc. Retirement Savings Plan, and the wwwrrr, Inc. Retirement Savings Plan, on their own behalf and on behalf of their respective parents, affiliates, subsidiaries and divisions ("Defendants"), have



FILED OCT 03 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTERED
DEPUTY CLERK'S INITIALS

agreed, subject to Court approval, following notice to the proposed class members and a hearing, to settle this litigation upon the terms and conditions set forth in the Stipulation of Settlement; and

Based further upon the Stipulation to Order Granting Preliminary Approval of Stipulation of Settlement, Certifying Settlement Class, and Approving Notice to Class Members of Pendency of Settlement Of Class Action, executed by counsel for Plaintiffs and dated September 10, 2003 and counsel for Defendants and dated September 8, 2003; and

Based upon the Class Notice, as defined in Paragraph 4 of this Order, and upon all of the files, records and proceedings herein, and it appearing to the Court that a hearing should be held, after notice to the proposed settlement class, for the purpose of making a final determination of whether the terms of the proposed settlement are fair, reasonable and adequate;

IT IS HEREBY ORDERED THAT:

1. For purposes of determining whether the terms of the proposed settlement should be finally approved as fair, reasonable and adequate, the court hereby certifies the following class (the "Class"), conditioned upon final approval of settlement:

> All former employees of wwwrrr, Inc. who were terminated from employment on or around December 20, 2000 and January 10, 2001, or former employees of wwwrrr, Inc. who made contributions to the wwwrrr Retirement Savings Plan during calendar year 2000.

2. For purposes of determining whether the terms of the proposed settlement should be finally approved as fair, reasonable and adequate, Plaintiffs are hereby appointed as representatives of the Class and the following Plaintiffs' counsel are designated as counsel for the Class:

> David A. Orenstein
> Parsinen, Kaplan, Rosberg & Gotlieb, P.A.
> 100 South Fifth Street, Suite 1100
> Minneapolis, MN 55402-1298

3. Pending final determination of whether the proposed settlement should be approved, neither Plaintiffs nor any potential member of the Class ("Potential Class Members"), whether directly, indirectly, representatively or in any other capacity, shall start, continue, or participate in, litigate or receive any benefits or other relief from any other lawsuit, arbitration or administrative or regulatory proceeding or order based on or relating to the claims, facts, or circumstances in this Action and/or the Released Claims, as defined in the Stipulation of Settlement.

4. As soon as practical, but not later than October 10, 2003, Plaintiffs, through their counsel, shall mail, via e-mail or first-class mail, to all clients of Class Counsel, and by first-class mail to all Potential Class Members who can be identified through the exercise of reasonable effort, the notice ("Class Notice") in the form attached as Exhibit A to the Stipulation of Settlement. Plaintiffs are directed to file with the Court and serve upon Defendants' counsel, prior to the final settlement approval hearing, a declaration confirming that dissemination of the Class Notice has taken place in accordance with the terms of this Order.

5. The Court preliminarily finds that the dissemination of the Class Notice under the terms and in the format provided for in this Order constitutes the best notice practicable under the circumstances, and is due and sufficient notice for all purposes to all persons entitled to such notice, and fully satisfies the requirements of due process, the Federal Rules of Civil Procedure and all other applicable laws.

6. A hearing (the "Settlement Hearing") shall be held on November 10, 2003 at 9:30 a.m., in Courtroom 3 of the United States District Court, 708 Federal Building, 316 North Robert Street, St. Paul, MN 55415, as set forth in the Class Notice, to determine whether the proposed settlement of this Action, including the payment of attorney fees and costs to Plaintiffs' counsel,

should be approved as fair, reasonable, and adequate, and whether final judgment approving the settlement and dismissing all claims asserted in this Action on the merits, with prejudice and without leave to amend, should be entered. The Settlement Hearing may be postponed, adjourned or rescheduled by order of the Court without further notice to the Class.

7. Objections to the proposed settlement shall be heard, and any papers or briefs submitted in support of any objections shall be considered by the Court (unless the Court in its discretion shall otherwise direct), only if, on or before a date (fourteen) 14 days prior to the date set for the Settlement Hearing, said objectors have filed with the Court written notice of their intention to appear and all papers and briefs they propose to discuss at the Settlement Hearing and sent such notice by first-class mail, postmarked not later than fourteen (14) days prior to the date set for the final settlement hearing, to:

David A. Orenstein
Parsinen, Kaplan, Rosberg & Gotlieb, P.A.
100 South Fifth Street, Suite 1100
Minneapolis, MN 55402-1298

and

Alan I. Silver
Bassford, Lockhart, Truesdell & Briggs, P.A.
33 South Sixth Street, Suite 3550
Minneapolis, MN 55402-3787

8. All requests for exclusion from the Class must be in writing, and must comply with the provisions of and contain the information requested as set forth in the Class Notice and, to be effective, must be sent to counsel for the parties, as set forth above and at the addresses provided in the Class Notice, by first-class mail, postmarked not later than fourteen (14) days prior to the date set for the Settlement Hearing. Plaintiffs' Counsel, with the cooperation of Counsel for Defendants, is

responsible for reporting to the Court at the Settlement Hearing regarding the number and status of any requests for exclusion. All persons who file valid requests for exclusion in the manner set forth in the Class Notice shall have no rights under the settlement, and shall not share in the distribution of settlement funds, but shall not be bound by the Stipulation of Settlement or any final judgment and order of dismissal entered pursuant to the Stipulation of Settlement. In the event any proposed member of the Class files a request for exclusion, the Stipulation of Settlement provides that Defendants may at their election declare the entire settlement null and void. All members of the Class who do not request exclusion in the manner set forth in the Class Notice shall be bound by any final judgment and order of dismissal entered pursuant to the Stipulation of Settlement, shall be barred and enjoined, now and in the future, from asserting any and all of the Released Claims, as defined in the Stipulation of Settlement, against the Released Persons, as defined in the Stipulation of Settlement, and any such members of the Class shall be conclusively deemed to have released any and all such Released Claims.

10. The proposed settlement as set forth in the Stipulation of Settlement is preliminarily approved, but is not to be deemed an admission of liability or fault by Defendants or by any other person, or a finding of the validity of any claims asserted in the litigation or of any wrongdoing or of any violation of law by Defendants. The proposed settlement is not a concession and shall not be used as an admission of any fault or omission by Defendants or any other person. Neither the terms of the settlement nor any related documentation shall be offered or received in evidence in any civil, criminal, or administrative action or proceeding, other than such proceedings that may be necessary to consummate or enforce the terms of the settlement, except that Defendants may file this Order in any action that may be brought against it in order to support a defense or counterclaim based on

principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

11. Upon motion of any party, the Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the Class.

12. It is hereby ordered that this Action shall be stayed pending further proceedings in connection with the effectuation of the proposed settlement.

IT IS SO ORDERED.

Dated: Oct 3, 2003

Joan ~~Erickson~~ Ericksen
Judge of United States District Court

#368702 v2 - order prelim. approval settlement

368702v1