**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**FOURTH DISTRICT**

---

Civ. No. 01-CV-346 (JEL/JGL)

Jean Golden, individually and in her capacity as Participant under the Delta Dental Plan for employees of wwwrrr, Inc. (Delta Group Dental Plan Contract Number 667), and in her capacity as Participant under the wwwrrr, Inc. Retirement Savings Plan, and JoAnne Chabot, individually and in her capacity as Participant under the Delta Dental Plan for employees of wwwrrr, Inc. (Delta Group Dental Plan Contract Number 667), and in her capacity as Participant under the wwwrrr, Inc. Retirement Savings Plan,

Plaintiffs,

vs.

wwwrrr, Inc., Paul Gullickson, individually and in his capacity as Trustee of the wwwrrr, Inc. Retirement Savings Plan, Troy Rossow, individually and in his capacity as Trustee of the wwwrrr, Inc. Retirement Savings Plan, and wwwrrr, Inc. Retirement Savings Plan,

Defendants.

---

# FINAL ORDER APPROVING SETTLEMENT AND JUDGMENT OF DISMISSAL WITH PREJUDICE

---

The Joint Motion for Order Approving Stipulation of Settlement and Judgment of Dismissal with Prejudice came before the Court for consideration on November 17, 2003. Appearing on behalf of Plaintiffs and the Class was David A. Orenstein, Parsinen, Kaplan, Rosberg & Gotlieb P.A., 100 South Fifth Street, Suite 1100, Minneapolis, MN 55402-1298 ("Class Counsel"). Appearing on behalf of Defendants was Alan I. Silver, Bassford, Lockhart, Truesdell & Briggs, P.A., 3550 Multifoods Tower, 33 South Sixth Street, Minneapolis, MN 55402-3787 ("Defendants").



FILED NOV 24 2003
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD NOV 24 2003
DEPUTY CLERK

Based upon all of the relevant files, records, and proceedings herein, the Court, having read and considered all submissions made in connection with the proposed settlement, and having heard the arguments of counsel, the Court finds and concludes as follows:

A. The Amended Complaint filed in this action alleges that Defendants violated provisions of federal and Minnesota statute, the parties' employment contract, and various common law provisions, all relating to payment of wages, benefits, delays in ERISA contributions.

B. As part of the Preliminary Approval Order, the Court certified a Class upon Final Approval of Settlement as follows:

> All former employees of wwwrrr, Inc. who were terminated from employment on or around December 20, 2000 and January 10, 2001, or former employees of wwwrrr, Inc. who made contributions to the wwwrrr Retirement Savings Plan during calendar year 2000.

The Court affirms this definition of the Class for purposes of this Final Judgment.

C. The Court finds that for purposes of Final Approval of the Settlement, that the requirements of Federal Rules of Civil Procedure 23 have been met – in particular because: (1) the Class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact – such as – timely segregation of 401(k) plan payments common to the Class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the Class; (4) the named Plaintiffs and Class Counsel will fairly and adequately protect the interests of the Class; (5) the common questions of fact and law in this matter substantially predominate over any individual issues; and (6) a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

D. Plaintiffs and Defendants have entered into the Stipulation of Settlement, which has been filed with the Court. The Stipulation provides for the Settlement of this Action by the

Defendants and on behalf of the Plaintiffs and the Members of the Class, subject to approval by the Court of its terms. The Court scheduled a hearing to consider the approval of the Stipulation, and directed that Notice of the proposed settlement and of this hearing be disseminated in accordance with the terms of the Preliminary Approval Order.

E. In accordance with the terms of the Stipulation of Settlement and of the Preliminary Approval Order, Plaintiffs caused to be disseminated the Notice informing Members of the terms of the proposed settlement of the Action, and of their opportunity to request exclusion from the Class or to object to the terms of the proposed settlement. Plaintiffs' counsel has filed with the Court an affidavit indicating that the dissemination of the Notice in accordance with the Preliminary Approval Order has occurred.

F. The Court finds that the Class Notice disseminated in accordance with the terms of the Preliminary Approval Order constitutes the best notice practicable under the circumstances. The Affidavit confirming dissemination of the Class Notice filed with this Court, demonstrates that this Court's Preliminary Approval Order with respect to dissemination of the Notice has been complied with, and that the best notice practical under the circumstances was in fact given, and constituted valid, due and sufficient notice to Members of the Class.

G. Plaintiffs and Defendants have applied to the Court for approval of the terms of the proposed settlement and for the entry of this Final Judgment.

H. The Court finds that approval of the Stipulation and the settlement embodied in the Stipulation will result in substantial savings in time and money to the Court and the litigants and will further the interests of justice.

I. The Court finds that the proposed settlement is the result of good faith arm's-length negotiations by the parties.

NOW, THEREFORE, GOOD CAUSE APPEARING, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1. The Court possesses jurisdiction over the subject matter of this Action, Plaintiffs, Members of the Class, Defendants, and the Released Persons.

2. No member of the Class has filed a Request for Exclusion. All Members of the Class are therefore bound by this Final Judgment and by the Stipulation and the Settlement embodied in it, including the releases provided for in the Stipulation and this Final Judgment. No objections to the Settlement have been filed.

3. All provisions and terms of the Stipulation and Settlement are fair, reasonable and adequate as to the Members of the Class and Plaintiffs, and all provisions and terms of the Stipulation and Settlement are finally approved in all respects. The parties to the Stipulation are directed to consummate the Stipulation in accordance with its terms.

4. This Action is dismissed in its entirety, on the merits, with prejudice and without leave to amend, and all Members of the Class shall be forever barred and permanently enjoined from starting, continuing, or participating in, litigating or receiving any benefits or other relief from any other lawsuit, arbitration, or administrative or regulatory proceeding or order based on or relating to the claims, facts or circumstances in this Action and/or the Released Claims.

5. As of the Effective Date, by operation of the entry of the Final Judgment, each of the Members of the Class shall be deemed to have fully released, waived, relinquished and discharged,

to the fullest extent permitted by law, all Released Claims and Unknown Claims that the Members of the Class may have against the Released Persons.

6. "Released Claims" means and includes all unknown claims, known claims, rights, demands, actions, causes of action, suits, debts, liens, contracts, liabilities, agreements, interest, costs, expenses, or losses, for the acts alleged or which are or could have been alleged by the named Plaintiffs or the putative class members in the Action relating in any way whatsoever to any claims which were alleged in this Action or which could have been asserted against any of the defendants, including, but not limited to: claims for unpaid wages, claims for employee benefits, claims related to 401(k) plan contributions and any other claims arising out of the class members' employment at wwwrrrr, Inc.

7. "Unknown Claims" means claims arising out of new facts or facts found thereafter to be other than or different from the facts now believed to be true, relating to any matter covered by this Stipulation, as to the acts alleged or which could have been alleged by the named Plaintiffs in the Action, so that each Class Member shall be deemed to have expressly waived any and all Unknown Claims relating to any matter covered by this Stipulation.

8. "Released Persons" means Defendants, their officers, stockholders, directors, agents, employees, independent contractors, parents, affiliates, subsidiaries or divisions, and/or any other successors, assigns, or legal representatives thereof, and original Defendants wwwrrr Liquidation Company, Delta Dental Plan of Minnesota, Convergent Capital Partners I, L.P., and North American Fund III, L.P.

9. The Notice of Pendency of Settlement of this Action was disseminated to Members of the Class in accordance with the provisions of the Preliminary Approval Order, was the best notice

practicable under the circumstances to all Members of the Class, and is therefore finally approved as reasonable. Due and adequate notice of the pendency of this Action and of this Settlement has been provided to Members of the Class, and this Court finds that the notice described in the Preliminary Approval Order and completed by Plaintiffs complied fully with the requirements of due process, the Federal Rules of Civil Procedure, and all other applicable laws.

11. The Stipulation of Settlement, the Settlement and this Final Judgment are not to be deemed admissions of liability or fault by Defendants, or a finding of the validity of any claims in the Action or of any wrongdoing or violation of law by Defendants. The Stipulation and Settlement are not a concession by the parties. To the extent permitted by law, neither this Final Judgment nor the Stipulation of Settlement shall be used as evidence of any admission of any fault or omission by Defendants or any other person. Neither this Final Judgment nor the Stipulation of Settlement, nor the terms and provisions of the Settlement, nor any of the negotiations or proceedings connected with it, shall be offered or received in evidence in any pending or future civil, criminal or administrative action or proceeding, other than such proceedings which may be necessary to consummate or enforce the Stipulation and Settlement; however, Defendants may use the Stipulation or the exhibits thereto, and the Settlement, and/or any related document, in any action that may be brought against it in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion.

12. The Court orders that Class Counsel shall receive attorney fees and costs in the amount of $4,325 plus any amounts distributed to the last known addresses of Class Members that are returned, said amount to be paid from the Settlement Amount.

13. Without in any way affecting the finality of this Final Judgment, this Court shall retain continuing jurisdiction over this Action for purposes of:

A. Enforcing the Stipulation of Settlement and the Settlement;

B. Hearing and determining any application by any party to the Stipulation for a settlement bar order; and

C. Any other matters related or ancillary to any of the foregoing.

Dated: Mar 21, 2003.

Joan Ericksen, Judge
United States District Court

#374019 v1 - final order approving settlement

For Immediate Release
October 30, 2003

# PRESS RELEASE

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
300 South Fourth Street, Suite 202, Minneapolis, Minnesota
Contact: Richard D. Sletten, Clerk, (612) 664-5026

## FEDERAL COURT AMENDS LOCAL PRACTICE RULES

The U.S. District Court for the District of Minnesota announces the approval, of amendments to its local rules of practice recommended by the Court's Federal Practice Committee chaired by Minneapolis Attorney Jeff Keyes of the Briggs and Morgan law firm.

Local Rules 67.1 and 83.11 amendments:

### LR 67.1 MONEY PAID INTO COURT

Unless otherwise ordered by the Court, all monies coming into the registry of this Court shall be deposited in an interest bearing account in a depository approved by the Treasurer of the United States, subject to withdrawl by checks drawn by the Clerk of Court pursuant to orders of the Court. The Clerk of Court shall deduct from the income earned on the investment a registry fee, as set by the Director of the Administrative Office of the United States Courts. The fee will be deducted when funds are withdrawn and distributed. For further registry fee information, refer to the Guide to Judiciary Policy and Procedures Chapter VII, Financial Management, Part I, Registry Funds.

### LR 83.11 DIVISIONS, OFFICES OF THE CLERK, CALENDARS

(a) Divisions. The State of Minnesota constitutes one judicial district, divided into six divisions. Cases in this District are assigned to particular divisions and particular judges pursuant to the Order for Assignment of Cases that has been adopted by the Judges of the District Court. The Order for Assignment of Cases may be modified from time to time as the District Court Judges see fit.

(b) Offices of the Clerk. The Clerk of Court maintains offices in St. Paul, Minneapolis, and Duluth. The St. Paul, Minneapolis and Duluth offices are open from 8:00 a.m. to 5:00 p.m. All offices are open Monday through Friday, with the following exceptions: New Year's Day; Martin Luther King, Jr.'s Birthday; President's Day; Memorial Day; Independence Day; Labor Day; Columbus Day; Veterans Day; Thanksgiving Day; and Christmas Day.

The files for matters pending before the Court are maintained in the office in the division to which the case is assigned. However, papers relative to any case may be filed in any office.

(c) Calendars. The Court operates on an individual calendar system. Judges in active service are assigned and assume responsibility for their proportionate share of the total cases filed in the district. Inquiries as to motions, probable trial date, or other matters having to do with a particular case may be addressed to the deputy clerk serving as calendar clerk for the Judge to whom the case has been assigned.